**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ERIC LAMBERT,**

**Plaintiffs,**

**v.** **CIV. No. 00-288 JP/WWD**

**BOARD OF COUNTY COMMISSIONERS OF TAOS COUNTY, JUAN DURAN, JULIA VALERIO and JENNIFER LEWIS,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

On March 27, 2000, Defendants filed a Partial Motion to Dismiss (Doc. No. 6) under Fed. R. Civ. P. 12(b)(6). The motion will be granted.

I. BACKGROUND

The factual allegations taken from the Complaint and other pleadings are as follows: Plaintiff was a full-time employee of the county of Taos. He was employed first as an Emergency Medical Technician ("E.M.T."), then, upon certification, as a paramedic for the Taos County Ambulance Department. Plaintiff avers that Taos County, through its employees, discriminated against him on the basis of his age and as a result he was either fired or forced to resign.

Plaintiff has brought his suit against (1) the Board of County Commissioners of Taos County ("Taos County"), (2) Juan Duran, the manager of Taos County, (3) Julia Valerio, the personnel director for Taos County, and (4) Jennifer Lewis, the station supervisor of the Taos County Ambulance Department and Plaintiff's supervisor. Plaintiff is suing Juan Duran, Julia

Valerio and Jennifer Lewis in both their official and individual capacities.

Plaintiff avers that, inter alia, (1) his salary did not increase when he became a certified paramedic in contrast with the increased salaries of other similarly situated individuals, (2) Jennifer Lewis was overly critical of Plaintiff's work while ignoring similar actions of the department's younger employees, (3) Defendants targeted Plaintiff for trying to unionize the Taos County Ambulance Department, (4) Jennifer Lewis had stated that Plaintiff was "too old" for his job, and subsequently (5) Jennifer Lewis began a pattern of written disciplinary actions against Plaintiff for violations of department policies.

Lewis reprimanded Plaintiff for (1) failure to follow procurement codes when purchasing oil for the ambulances, (2) failure to report to work in uniform, and (3) failure to respond to a radio call while on duty. Defendant Lewis's reprimands culminated, on November 18, 1998, in Plaintiff's suspension without pay. On December 8, 1998, in accordance with the Taos County personnel policy manual, Plaintiff appealed his suspension to the County Manager (Defendant Duran's predecessor). The County Manager denied this appeal on December 15, 1998. Following the procedures in the personnel policy manual, Plaintiff then appealed his termination to a hearing officer. On February 23, 1999, the hearing officer concluded that Taos County had failed to follow its own personnel rules when terminating Plaintiff and ordered that he be reinstated with back pay and benefits.

The following day, February 24, 1999, Defendants Julia Valerio and Jennifer Lewis gave Plaintiff a letter that suspended him with pay and proposed his termination. On March 5, 1999, Defendant Juan Duran held a pre-termination hearing regarding the letter of suspension and proposed termination. Plaintiff avers that after he was given an opportunity to respond to the

February 24, 1999 letter, Defendants Juan Duran, Julia Valerio and Jennifer Lewis conspired to, and did, terminate Plaintiff's employment.

On April 16, 1999, Plaintiff filed an age discrimination claim with the New Mexico Human Rights Division and the Equal Employment Opportunity Commission. On July 7, 1999 the hearing officer ordered that Plaintiff be reinstated with back pay and benefits. Taos County appealed this decision to the state district court requesting a stay of decision regarding Plaintiff's reinstatement. This request was denied. Defendant Julia Valerio, on the suggestion of co-Defendant Jennifer Lewis, again suspended Plaintiff for "falsely" reading a patient's blood pressure. It was later confirmed that Defendant Jennifer Lewis had committed the mistake. Plaintiff claims that an oppressive work atmosphere developed from, inter alia, the suspensions, and constant monitoring and evaluations at the end of each shift, forcing Plaintiff to quit while on suspension.

Plaintiff is seeking compensatory and punitive damages for retaliatory discharge (under the Age Discrimination in Employment Act ("ADEA"), the New Mexico Human Rights Act ("NMHRA") and the common law)[1], age discrimination, deprivations of civil rights, breach of contract, breach of implied covenant of good faith and fair dealing, and defamation.

Defendants move to dismiss three claims. First, Defendants move to dismiss Plaintiff's common law claim of retaliatory discharge because Defendants' immunity has not been waived

[1]Plaintiff's complaint does not specify the law under which he brings this claim. However, the parties have briefed the retaliatory discharge claim as if it is alleged under the three bodies of law noted. I too will consider Plaintiff to bring his claim under no more or less than the two statutes cited and the common law.

under the New Mexico Tort Claims Act, NMSA, Sections 41-4-1 to 41-4-27 (1996).[2] Second, Defendants move to dismiss Plaintiff's claims under the ADEA against defendants in their individual capacities. Third, Defendants move to dismiss Plaintiff's due process claim under 42 U.S.C. § 1983 because (1) Plaintiff waived his due process rights by voluntarily resigning, (2) Plaintiff's assertions that he was terminated for "improper reasons," are restatements of Plaintiff's claims under the ADEA, which provides the exclusive remedy for claims based upon age discrimination when the employer is a government agency, and (3) only the most egregious official conduct is recognized as a denial of one's substantive due process. Defendants also move to dismiss any claim based upon violations of the National Labor Relations Act because under 29 U.S.C. § 151 *et. seq.*, those claims must be brought before the National Labor Relations Board. Plaintiff states in his response that he has not brought any claim under the National Labor Relations Act.

II. LEGAL STANDARD

In considering a motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim the court must liberally construe the pleadings, accept as true all factual allegations in the complaint and draw all reasonable inferences in the Plaintiff's favor. See Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). The issue before a court considering a motion to dismiss is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint may be dismissed only if it appears to be a certainty that the plaintiff can prove no set of facts in support

[2] In a letter dated June 20, 2000, Defendants confirmed that they were not seeking dismissal of Plaintiff's retaliatory discharge claims under the ADEA and NMHRA.

of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

III. DISCUSSION

A. COMMON LAW RETALIATORY DISCHARGE

Defendants contend that Plaintiff's common law claims for retaliatory discharge must be dismissed because there is no provision under the Tort Claims Act (NMSA 1978, Sections 41-4-1 to 41-4-27 (1996)) which waives a government entity's sovereign immunity for the tort of retaliatory discharge. Plaintiff arguably appears to concede that he cannot state a claim for retaliatory discharge under the Tort Claims Act, in that he cites not to the Tort Claims Act but to the New Mexico Human Rights Act (NMSA 1978, Section 28-1-7(I)(2) (1996)).

In 1975, the New Mexico Supreme Court abolished sovereign immunity for all tort actions. See Hicks v. State, 88 N.M. 588, 593 (N.M. 1975). The court in Hicks concluded that the belief that "the sovereign can do no wrong" was archaic and unjust and that the rationalization which had been advanced to justify adherence to the doctrine was invalid. Id. 589-590. In reaction to Hicks the New Mexico State Legislature enacted the New Mexico Tort Claims Act. See Ward v. Presbyterian Healthcare Services, 72 F. Supp. 2d 1285, 1292 (D.N.M. 1999).

The Act declares that it is the public policy of New Mexico that governmental entities and public employees will only be liable where explicitly provided in the Tort Claims Act. See NMSA 1978, Section 41-4-2 (1996). Section 41-4-4 clearly states that a governmental entity and any public employee while acting within the scope of duty is granted immunity from liability for any tort except where waived.[3] See NMSA 1978, Section 41-4-4 (1996). In order for a plaintiff to

[3] There are eight exceptions under which governmental immunity is waived. Seven of those exceptions are when damage results from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the

sue a governmental defendant, his cause of action "must fit within one of the exceptions to the grant of immunity given governmental entities and public employees under the Tort Claims Act [and] if no waiver can be found, plaintiff's action must be dismissed." Redding v. City of Truth or Consequences, 102 N.M. 226, 227-228 (N.M. Ct. App. 1984). There is no waiver of immunity under any of the enumerated sections for a retaliatory discharge claim. Therefore, any common law retaliatory discharge claim will be dismissed.

B. SUING INDIVIDUALS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

Defendants move to dismiss all ADEA claims brought against Defendants in their individual capacities, contending that the ADEA does not apply to those claims. Plaintiff appears to concede this point in his response. Plaintiff writes, "most cases that have reviewed this issue have determined that an ADEA claim must be pursued against the employer and the employer's agents in their official capacity." (Pl.'s Resp. at 3-4). Additionally, the Tenth Circuit has stated "unequivocally that individual capacity suits are inappropriate . . . for claims brought under the ADEA." Palmer v. Sprint/United Midwest Management Services Co., No. CIV. 96-2503, 1997

---

operation or maintenance of (1) any motor vehicle, aircraft or watercraft, (2) any building, public park, machinery, equipment or furnishings, (3) airports, (4) public utilities and services including gas, electricity, water, solid or liquid waste collection or disposal, heating, and ground transportation; (5) any hospital, infirmary, mental institution, clinic, dispensary, medical care home or like facilities, (6) health care services within the scope of their duties of providing health care services, and (7) construction and in subsequent maintenance of any bridge, culvert, highway, roadway, street, alley, sidewalk, or parking area. The eighth exception is when personal injury, bodily injury, wrongful death or property damage results from assault, battery false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties. NMSA 1978, Section 41-4-5 through 12 (1996).

WL 383065, at *1 (D. Kan. June 18, 1997); (quoting Haynes v. Williams, 88 F.3d 898, 899-900 (10th Cir. 1996). See also Smith v. Lomax, 45 F.3d 402, 403 (11th Cir. 1995) (recognizing that employees cannot be held liable under the ADEA or Title VII). Hence, Plaintiff's claims under the ADEA against Defendants in their individual capacities will be dismissed.[4]

### C. PLAINTIFF'S CLAIM FOR DEPRIVATION OF DUE PROCESS UNDER 42 U.S.C. §1983

Defendants move to dismiss Plaintiff's claim under 42 U.S.C. § 1983 that Defendants deprived Plaintiff of his due process right. Plaintiff avers:

> Defendants Taos County, by and through its agents and supervisors, the Defendants Juan Duran, Julia Valerio and Jennifer Lewis, and acting under the color of State law, deprived Plaintiff of his property interest in continued employment with Taos County without just cause, failed to restore that property interest and made their decision to terminate his employment on impermissible grounds thereby depriving him of due process in violation of 42 U.S.C. § 1983 and the New Mexico Human Rights Act § 28-1-1 et seq. N.M.S.A. 1978 as amended.

(Pl.'s Compl. ¶ 56.) Plaintiff does not specify whether he brings a substantive or procedural due process claim.

Defendants in their motion to dismiss contend that "Plaintiff's claim based on violations of 42 U.S.C. § 1983 must be dismissed because the ADEA is the exclusive provision for claims based upon discrimination due to age when the employer is a governmental agency." (Defs'. Mot. to Dismiss at 7-8.) Additionally, Defendants argue that Plaintiff has not made allegations sufficient to establish a substantive due process claim. See id. Plaintiff contends that his due

---

[4] Although the Supreme Court in Kimel v. Florida Bd. of Regents, 120 S. Ct. 631 (2000) held that states are not subject to suit under ADEA because Congress lacked the power under § 5 of the Fourteenth Amendment to abrogate states' Eleventh Amendment immunity for claims of age discrimination, this immunity does not extend to counties. See Schumacher v. Souderton Area School Dist., No. 99-1515, 2000 WL 72047, at *3 n.3 (E.D.Pa. Jan. 21, 2000) (quoting Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

process claim is not based on age discrimination but rather (1) "deprivation of a property interest without due process" and (2) "the decision to terminate his employment was based on impermissible grounds." (Pl.'s Resp. to Defs.' Partial Mot. to Dismiss at 4.) Furthermore, Plaintiff contends that the law does not prevent him from pursuing multiple claims. Id. Defendants reply that Plaintiff has waived due process rights by voluntarily resigning. (Defs.' Reply at 4.)

The Court agrees that a plaintiff may assert multiple claims. However, Plaintiff's argument has two problems. The first problem is that Plaintiff many not bring an age discrimination claim under § 1983. The Tenth Circuit Court of Appeals ruled in Migneault v. Peck, 158 F.3d 1131, 1140 (10th Cir. 1998), vacated on other grounds, Board of Regents v. Migneault, 120 S.Ct. 928 (2000), on remand to Migneault v. Peck, 204 F.3d 1003 (2000) that age discrimination claims brought under 42 U.S.C. § 1983 are preempted by the ADEA.

In Migneault, the plaintiff sued a university when she was permanently laid off and not rehired in a different department of the university despite her experience alleging that this was because of age discrimination. The plaintiff's suit included, inter alia, a claim under 42 U.S.C. § 1983 alleging a violation of her equal protection rights. The court ruled that the ADEA provides the sole remedy for age discrimination claims and preempts discrimination claims brought under 42 U.S.C. § 1983. Id. at 1440. Here, Plaintiff alleges that the decision to terminate his employment was based on "impermissible grounds." (Pl.'s Resp. to Defs.' Partial Mot. to Dismiss at 4.) The factual allegations in the complaint lead to the conclusion that these "impermissible grounds" are age discrimination. Migneault bars a 42 U.S.C. § 1983 claim based on "impermissible grounds" of this nature. Thus Plaintiff's allegations of discharge for

"impermissible grounds" which, under the facts Plaintiff has presented, can mean nothing other than age discrimination fail to state a claim under § 1983.

Plaintiff's second problem is that he did not respond to Defendants' charges that (1) even if Plaintiff has alleged a valid due process violation distinct from his age discrimination claim, Plaintiff's allegations fail to state a substantive due process claim, and (2) Plaintiff waived his rights by voluntarily resigning. Defendants correctly note that a substantive due process claim must result from egregious or arbitrary conduct that "shocks the conscience" and "violates the decencies of civilized conduct." City of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). A constructive discharge claim does not arise from difficult or unpleasant working conditions. Rather a plaintiff must show that a "reasonable person in the employee's position would view the working conditions as intolerable. That is to say the working conditions, when viewed objectively, must be so difficult that a reasonable person would feel compelled to resign." Yearous v. Niobrara County Mem'l Hosp., 128 F.3d 1351, 1356-1357 (10th Cir. 1997). Essentially, a plaintiff must show that he had no other choice but to quit. Id. at 1356.

Because Plaintiff failed to respond to Defendants' arguments to dismiss regarding (1) Plaintiff's insufficiently alleged due process claim and (2) Plaintiff's waiver of his property rights by voluntarily resigning, Plaintiff is deemed to have consented to the granting of Defendants' motion on theses grounds. See D.N.M. LR-CIV 7.5(b). Even if Plaintiff had responded it is questionable whether he could present a meritorious substantive due process claim.

IT IS THEREFORE ORDERED THAT Defendants' Partial Motion to Dismiss is granted and Plaintiff's claims of common law retaliatory discharge, age discrimination brought under the

ADEA against Defendants in their individual capacities, and deprivation of substantive due process under 42 U.S.C. § 1983 will be dismissed by a separate final order of dismissal.

James A. Parker

**UNITED STATES DISTRICT JUDGE**